J-S24036-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| EMUEL C. HENLEY | : | |
| | : | |
| Appellant | : | No. 806 WDA 2025 |

Appeal from the PCRA Order Entered June 2, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0001083-1999

BEFORE:  STABILE, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                     **FILED: July 14, 2026**

Appellant, Emuel C. Henley, appeals *pro se* from the June 2, 2025, order entered in the Court of Common Pleas of Allegheny County, which treated his *pro se* "Petition for *Writ* of *Habeas Corpus*" under the auspices of the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9545, and dismissed the petition without an evidentiary hearing on the basis it was untimely filed.  After our careful review, we affirm.

This Court has previously summarized, in part, the lengthy procedural posture of this case as follows:

> Appellant was convicted of first-degree murder [by a jury for the January 9, 1999, shooting death of Tyrone Swan], and, on November 16, 2000, the trial court sentenced Appellant to serve the mandatory term of life in prison.  This Court affirmed Appellant's judgment of sentence on September 29, 2006; the

---

[*] Former Justice specially assigned to the Superior Court.

Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on June 25, 2007. [Appellant did not file a petition for *writ* of *certiorari* with the United States Supreme Court.]

[Appellant] filed a [timely, first] PCRA petition on October 1, 2007, [and counsel]…was appointed to represent [him. However, in November 2009, court-appointed counsel filed a motion to withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Although the PCRA court initially granted counsel permission to withdraw and dismissed Appellant's PCRA petition, the Pennsylvania Superior Court later vacated the PCRA court's order on May 8, 2012,] due to PCRA counsel's failure to address all issues raised by [Appellant] in his *pro se* PCRA petition. [Following remand, Appellant filed a *pro se* PCRA petition, and the PCRA court appointed new counsel to represent Appellant.] On December 14, 2016, the PCRA court entered an order directing [Appellant to] file an amended PCRA petition within 30 days and [that] "[f]ailure to do so will result in dismissal of the Petition without a hearing…." [Appellant did not file the amended petition as directed and, on February 6, 2017, the PCRA court dismissed Appellant's first PCRA petition. PCRA Court Order, 2/6/17, at 1-2.]

On February 28, 2017, [Appellant] filed "Objections to Court Order Dismissing [PCRA] Appeal" in which he alleged that counsel was ineffective for not filing an amended PCRA petition and sought restoration of [his] PCRA rights, as well as the appointment of new counsel. [The PCRA court denied this petition, and Appellant did not file a notice of appeal from the PCRA court's order. PCRA Court Order, 6/14/19, at 1-2.] On March 1, 2017, [Appellant] filed the same application in the Superior Court at 21 WDM 2017. On March 10, 2017, the Superior Court denied the application as there was no pending appeal, and, thus, the Superior Court did not have jurisdiction[.]

On May 17, 2018, [Appellant] filed a "Motion for Statement in Absence of Transcript." On December 7, 2018, [Appellant] filed a "Motion to Receive New Counsel and Restore Appellate Rights and Have Ruling on Motion for Statement in Absence of Transcript," which [the lower court] denied by order dated February 19, 2019. [Again, Appellant did not file a notice of appeal from the lower court's denial order.]

On March 8, 2019, [Appellant], filed "Objections to Court Order." On March 29, 2019, [Appellant] filed a "Motion for Ineffective Assistance of Counsel." On June 6, 2019, [Appellant] filed "Objections to Court Order Dismissing [PCRA] Appeal" regarding the order dated February 6, 2017. On June 13, 2019, the objections were overruled. [Appellant did not file a notice of appeal from the PCRA court's order.]

On June 24 and July 1, 2019, [Appellant] again filed applications for relief in the Superior Court at 21 WDM 2017 that were denied on June 28, and July 3, 2019, respectively. [Appellant's] notice of appeal, which he filed with the Superior Court with his July 1, 2019, application, was forwarded to the [PCRA] court for processing and was docketed at 1048 WDA 2019 on July 17, 2019. The [PCRA] court filed an opinion on July 29, 2019, finding the appeal untimely, and the appeal was subsequently quashed as untimely by the Superior Court on October 10, 2019. [*See* Order, 1048 WDA 2019, at 1.]

On July 15, 2019, [Appellant] filed a *pro se* PCRA petition, and on October 8, 2019, he filed an amended PCRA petition[.]…On September 29, 2020, [the PCRA] court issued a notice of intent to dismiss [the] PCRA [petition]. On October 19, 2020, [Appellant filed a *pro se*] response to the notice of intent to dismiss[.]

[O]n March 2, 2021, counsel was appointed to review the matter further on behalf of [Appellant]. Counsel filed a motion to withdraw and [a] ***Turner/Finley*** [no-merit] letter and brief on March 22, 2021[,] to which [Appellant] filed objections on April 19, 2021[.]

On June 29, 2021, following review of the entire record, the PCRA court issued an order that granted counsel's motion for leave to withdraw and notified Appellant that it intended to dismiss his serial PCRA petition in 20 days, without holding a hearing. ***See*** PCRA Court Order, 6/29/21, at 1. The PCRA court dismissed Appellant's PCRA petition on July 15, 2021, and Appellant filed a timely notice of appeal. [On appeal, by memorandum filed on September 19, 2022, this Court affirmed the PCRA court's dismissal order on the basis that Appellant's PCRA petition was untimely filed, and Appellant failed to plead and prove his entitlement to any of the statutory exceptions. Appellant filed a petition for allowance of appeal, which our Supreme Court denied on June 28, 2023.]

***Commonwealth v. Henley***, No. 930 WDA 2021, at *1-3 (Pa.Super. filed 9/19/22) (unpublished memorandum) (citation to record omitted).

Meanwhile, on or about November 30, 2020, while Appellant's July 15, 2019, PCRA petition was still being litigated in the PCRA court, Appellant filed a *pro se* "Petition for *Writ* of *Habeas Corpus*" in the Civil Division of the Court of Common Pleas of Luzerne County.[1] On December 14, 2023, concluding the petition presented issues related to Appellant's first-degree murder conviction in Allegheny County, the Court of Common Pleas of Luzerne County transferred the petition to the Court of Common Pleas of Allegheny County; however, the petition was inadvertently docketed in the Civil Division of the Allegheny County court system. ***See*** PCRA Opinion, filed 10/22/25, at 3-4. By order filed on November 8, 2024, the "Petition for *Writ* of *Habeas* Corpus" was transferred to the Allegheny County Criminal Division. ***See id.***

In his *pro se* "Petition for *Writ* of *Habeas Corpus,*" Appellant alleged (1) his due process rights were violated because the sentencing statute, 18 Pa.C.S.A. § 1102(a), is unconstitutionally void for vagueness, and (2) unlike other offenders of different crimes, his constitutional rights to Equal Protection were violated because the statutory scheme for first-degree murder mandates that he be sentenced to life in prison without setting forth any minimum

---

[1] Inexplicably, Appellant filed his *pro se* petition for *habeas corpus* relief in the Court of Common Pleas of Luzerne County while he was incarcerated at SCI-Dallas, which is in Luzerne County.

sentence, thus violating Appellant's right to "individualized treatment in sentencing."

By order filed on January 14, 2025, the PCRA court provided Appellant with notice of its intent to treat the claims raised in Appellant's *pro se habeas corpus* petition under the auspices of the PCRA. Specifically, the PCRA court determined that Appellant raised legality of sentencing claims, and, therefore, the issues were subject to the PCRA. Further, the PCRA court indicated that, since the petition was untimely filed under the PCRA, the court intended to dismiss the petition without an evidentiary hearing.

On February 11, 2025, Appellant filed a *pro se* response arguing that his sentence of life in prison without the possibility of parole is illegal and unconstitutional. He averred that the petition should be exempt from the mandates of the PCRA because, since the petition is untimely under the PCRA, there is no way for him to gain relief from his illegal/unconstitutional sentence. On June 2, 2025, the PCRA court dismissed Appellant's PCRA petition, and Appellant filed a timely notice of appeal. All Pa.R.A.P. 1925 requirements have been met.

On appeal, Appellant presents the following issues in his "Statement of Questions Presented" (verbatim):

> I. Whether Appellant's request for *habeas corpus* relief exists outside the parmeters [*sic*] of the PCRA pursuant to the court's decision in **Commonwealth v. Rouse**, 191 A.3d 1, 7 (Pa.Super. 2018), where Appellant raised a due process claim challenging his first-degree murder conviction sentencing statute, 18 Pa.C.S.A. §

1102(a), as unconstitutionally void for vagueness involving a claim that is not cognizable under the PCRA?

II.    Where Appellant filed apetition [*sic*] for *writ* of *habeas corpus ad subjiciendum*, was it an abuse of discretion by the trial court to construe it as a subsequent PCRA petition?

III.    Whether Appellant has been further precluded from his rights to due process and equal protection of the law by the enactment of title 42 Pa.C.S.A. § 9542, which summarily suspends the *writ* of *habeas corpus* in violation of both the state and federal constitution?

IV.    Where the crux of Appellant's claim(s) is that there is not and never as a [*sic*] been a sentencing order in his case, and thus Appellee has no jurisdiction to detain him, did it constitute a legitimate *habeas corpus* claim pursuant to **Brown v. Penna Dep't of Corr.**, 622 Pa. 742, 81 A.3d 814 (2013) (*per curiam*), and an abuse of discretion by the trial court's order ruling that it was consumed [*sic*] by the PCRA?

V.    Whether thevtrial [*sic*] court's order denying leave to amend in the Appellant's response to 907 notice to dismiss was an abuse of discretion as in all matters (PCRA) the Appellant bears the burden of persuasion to demonstrate his entitlement to jurisdiction of the trial court pursuant to Section 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) time-bar?

Appellant's Brief at 4 (unnecessary capitalization omitted) (suggested answers omitted).

At the outset, we note:

On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review.

**Commonwealth v. Nero**, 58 A.3d 802, 805 (Pa.Super. 2012) (quotation marks and quotations omitted).

Here, Appellant initially contends the PCRA court erred in construing his issues as challenges to the legality of sentencing, thus treating the issues raised in his petition for *writ* of *habeas corpus* under the auspices of the PCRA. Appellant's challenge to the PCRA court's determination that his issues present illegal sentence claims cognizable under the PCRA raises a purely legal question, and, as such, our review is plenary. ***See Commonwealth v. Moore***, 247 A.3d 990, 993 (Pa. 2021) (citation omitted). Our Supreme Court explained in ***Commonwealth v. Descardes***, 136 A.3d 493, 499 (Pa. 2016), that the General Assembly intended that claims that could be brought under the PCRA must be brought under that Act regardless of the title of the document filed. Other statutory and common law remedies "for the same purpose" are "encompassed" within the PCRA. ***Id.*** Illegal sentencing claims are cognizable under the PCRA. ***See Moore***, ***supra***.

As indicated *supra*, Appellant raised two claims in his petition for *writ* of *habeas corpus*. We agree with the PCRA court that Appellant's first issue; namely, that the first-degree sentencing statute, 18 Pa.C.S.A. § 1102(a), is unconstitutionally vague under due process principles, is a challenge to the legality of Appellant's sentence. Specifically, in ***Moore***, ***supra***, our Supreme Court examined the precise issue presented by Appellant and held the claim

raised a legality of sentencing claim that was cognizable solely under the mandates of the PCRA.[2] ***See id.***

Further, we agree with the PCRA court that Appellant's second issue; namely, that his Equal Protection rights were violated because the statutory scheme for first-degree murder mandates that he be sentenced to life in prison without setting forth any minimum sentence, thus violating Appellant's right to "individualized treatment in sentencing" as is guaranteed to other defendants, is a challenge to the legality of Appellant's sentence. That is, to the extent Appellant's claim queries whether the Equal Protection Clause proscribes his sentence, even though that sentence is otherwise authorized by valid law, it presents a legality of sentencing claim. ***See Commonwealth v. Garcia***, No. 229 MDA 2025 (Pa.Super. filed 11/12/25) (unpublished memorandum)[3] (finding the PCRA court properly treated the petitioner's claim as a legality of sentencing claim under the auspices of the PCRA where the petitioner argued his constitutional right to equal protection was violated when

---

[2] We recognize Appellant cites to ***Commonwealth v. Rouse***, 191 A.3d 1, 7 (Pa.Super. 2018), in support of his argument that his due process vagueness claim falls outside the ambit of the PCRA. However, in ***Moore***, ***supra***, after examining the issue and holding such a claim is cognizable under the PCRA, our Supreme Court specifically rejected this Court's ruling in ***Rouse***. ***See Moore***, ***supra***.

[3] ***See*** Pa.R.A.P. 126(b) (indicating unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value). We find ***Garcia*** to be persuasive.

the trial court unlawfully sentenced him to a minimum that was more than one-half of his maximum sentence).

Accordingly, we conclude the PCRA court properly treated the two issues presented in Appellant's *pro se* petition for *writ* of *habeas corpus* under the auspices of the PCRA. Consequently, we next examine whether the PCRA court erred in holding Appellant's PCRA petition was untimely filed.

> Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa.Super. 2010) (citations omitted).

> [There are] three statutory exceptions to the timeliness provisions in the PCRA [that] allow for the very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petitioner must allege and prove:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at 1079-80 (citing 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii)).

Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented.[4] 42 Pa.C.S.A. § 9545(b)(2). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008) (citation omitted). Lastly, there is "no generalized equitable exception to the jurisdictional one-year time bar pertaining to post-conviction petitions." *Commonwealth v. Brown*, 943 A.2d 264, 267 (Pa. 2008).

In the case *sub judice*, as this Court previously held in reviewing the dismissal of Appellant's prior PCRA petition:

> This Court affirmed Appellant's judgment of sentence on September 29, 2006, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on June 25, 2007. Therefore, Appellant's judgment of sentence became final for purposes of the PCRA at the end of the day on September 25, 2007, which was 90 days after the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal and Appellant's time for filing a petition for *writ* of *certiorari* to the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3) ("A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United

---

[4] On October 24, 2018, the General Assembly amended Subsection 9545(b)(2) and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented. *See* 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. This amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter. In any event, under application of either the one year or sixty-day initial threshold, Appellant is not entitled to relief for the reasons discussed *infra*.

States…, or at the expiration of time for seeking the review"); **see also** U.S.Sup.Ct.R. 13.1.  Under the terms of the PCRA, Appellant thus had until September 25, 2008, to file a timely PCRA petition. 42 Pa.C.S.A. § 9545(b)(1).

**Commonwealth v. Henley**, No. 930 WDA 2021, at *5 (Pa.Super. filed 9/19/22) (unpublished memorandum).

Here, Appellant admits that his instant *pro se* petition is facially untimely under the PCRA.[5]  As such, we cannot address the merits of Appellant's current

---

[5] As indicated *supra*, Appellant initially filed the instant petition on or about November 30, 2020, in the Court of Common Pleas of Luzerne County. However, venue properly lies for this case in Allegheny County where the crime at issue occurred.  **See Commonwealth v. Gross**, 101 A.3d 28, 33 (Pa. 2014) ("Venue in a criminal action properly belongs in the place where the crime occurred.").  Thus, under **Gross**, the Luzerne County court properly transferred Appellant's petition to the Allegheny County court on December 14, 2023 (although it was inadvertently docketed in the Civil Division).

Whether we deem Appellant's instant petition to have been filed on November 30, 2020, or when it was transferred to the appropriate court on December 14, 2023, is irrelevant to our analysis. First, upon consideration of either date, as discussed, Appellant's instant PCRA petition was facially untimely, and Appellant presented no statutory exceptions. Second, we acknowledge that "PCRA courts are not jurisdictionally barred from considering multiple PCRA petitions relating to the same judgment of sentence at the same time unless the PCRA court's order regarding a previously filed petition is on appeal and, therefore, not yet final." **Commonwealth v. Montgomery**, 181 A.3d 359, 365 (Pa.Super. 2018) (*en banc*) (footnote omitted).  Here, if November 30, 2020, is deemed the filing date, Appellant's July 15, 2019, PCRA petition would not have been an impediment to review of the November 30, 2020, petition since the PCRA court had not yet ruled on the July 15, 2019, PCRA petition.  That is, no PCRA court order was on appeal as of November 30, 2020, in this case. Further, if December 14, 2023, is deemed the filing date, appellate review of Appellant's July 15, 2019, PCRA petition concluded on June 28, 2023, when the Supreme Court denied the petition for allowance of appeal.

PCRA petition unless he meets one of the timeliness exceptions set forth *supra*.

In the case *sub judice*, Appellant has neither pleaded nor proven any of the statutory timeliness exceptions under 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).[6] Accordingly, the PCRA court properly dismissed Appellant's petition as untimely filed.[7]

For all of the foregoing reasons, we affirm.

Order affirmed.

_____

[6] In his "Statement of Questions Presented," Appellant suggests the PCRA court's "order denying leave to amend in the Appellant's response to 907 Notice to Dismiss was an abuse of discretion." Appellant's Brief at 4. However, in his brief, Appellant has not developed an argument with citation to relevant authority in support of this issue. Accordingly, we decline to address it further. **See** Pa.R.A.P. 2119.

[7] We note that, in his brief, Appellant suggests the PCRA court failed to recognize that the crux of his issues is that he is unlawfully detained because there was never a sentencing order in this case. Consequently, Appellant avers the PCRA court failed to recognize there was no jurisdiction for the Department of Corrections ("DOC") to detain him. "A claim that a defendant's sentence is illegal due to the inability of DOC to 'produce a written sentencing order related to [his] judgment of sentence' constitutes a legitimate *habeas corpus* claim." **Green v. Ransom**, No. 1470 MDA 2023, at * 2 (Pa.Super. filed 9/30/24) (unpublished memorandum). However, we dispose of this claim by noting the certified record contains a written sentencing order, which is dated November 16, 2000, and filed on November 17, 2000.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE: 07/14/2026